# Lower Allen Township School District *versus* Shiremanstown School District.

1. Where a new school district is erected out of an old one the new district is entitled to a pro rata share of the state appropriation for school purposes for the current year.

2. The object of the Act of April 11th 1862 was to secure a fair and equitable adjustment and division of all property and assets in any manner belonging to a school district at the time a change in the territorial limits thereof go into effect, and the state appropriation is included in such assets.

June 10th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1879, No. 132.

This was a case stated, wherein the Shiremanstown School Board were plaintiffs, and the Lower Allen Township School Board were defendants.

The facts as stated were these : The borough of Shiremanstown was incorporated by a decree of court on November 17th 1874. Before its incorporation a portion of said borough laid in Lower Allen Township, and was included in the school district of that township. Under the provisions of the Act of April 11th 1862, a bill in equity was filed in August 1865 for a division of the property funds between the old and the new districts. This property consisted of school houses, cash in the treasury and a state appropriation of $358.92, due the district for the year ending June 1st 1875. The commissioners to make distribution filed their report August 23d 1875, and found, after valuing the real and personal property, and apportioning both, the sum of $607.82 to be due the old district by the new.' They did not however include in their report the $358.92. It was not returned to them as part of the funds to be distributed, and they had no knowledge of it. It was not in fact actually in the possession of the old district at that time, but was paid to it in September 1875. The Shiremanstown

[Lower Allen *v.* Shiremanstown.]

School Board paid to the Lower Allen Township School Board the money due them, less $72.50, the pro rata share of the $358.92, which they claimed to set off against the claim of the commissioners, The latter school board refused to allow the deduction, when this suit was brought.

The court, Herman, P. J., was of the opinion that the new district was entitled to a pro rata share of said appropriation, and entered judgment for the plaintiff for such share.　This action was assigned for error by the defendant, who took this writ.

*H. Newsham*, for plaintiff in error.

*Lemuel Todd*, for defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, June 16th 1879.

The borough of Shiremanstown, incorporated by the court in November 1874, became a separate school district, by operation of law, on the first Monday of the following June.　The new borough and school district included a small portion of Lower Allen Township school district as it existed before the borough was incorporated.　After the commencement of the next school year, in June 1875, proceedings were had under the Act of 1862, for adjustment and division of the school property and funds of the old district between it and the new one, by which it was ascertained that, exclusive of the state appropriation for the last preceding school year, there was due from the latter district to the former, the sum of $607.82; all of which, except $72.50, has since been paid.　In September following, the old district received the state appropriation for the school year ending June 1875, amounting to $358.92. On the same basis that the other common property and funds were adjusted, it is admitted that the pro rata share of this sum, payable to that part of the old district included in the borough, would be $72.50.　Inasmuch as the state appropriation rightfully belonged to the old district before the separation took effect, but was not returned as part of the common fund, nor in any manner included in the adjustment by which the indebtedness of the new to the old district, above stated, was ascertained, the new district claims to be entitled to its pro rata share thereof.

The case stated substantially embodies the foregoing facts, and the question submitted to the court below was whether the Shiremanstown school district was entitled to a pro rata share of the money thus received from the state.　The learned president of the Common Pleas, being of the opinion that it was, entered judgment accordingly for the amount agreed upon.　In so doing there can be no question that substantial justice was done.　The general state appropriation for school purposes for the current year commencing

[Lower Allen *v.* Shiremanstown.]

June 1874 had been made before the borough was incorporated, but under the provision of the school law the distribution thereof among the several school districts of the state would not be made until long thereafter. According to the case stated, Lower Allen school district did not receive the money until September 1875. Notwithstanding the incorporation of the borough in November 1874, the old school district remained intact for school purposes until the end of the then current school year, and the state appropriation would be distributed as though no change had taken place. The money received was a common fund, belonging to the entire district, including the part embraced within the borough limits. It is admitted that it was not taken into account in the adjustment that was made, and it is difficult to see upon what principle of honesty and fair dealing the old district could claim to retain the whole of it. We take it for granted that the object of the parties, in presenting the case stated, in the form it is, was to obtain a decision on the merits, without regard to any technical defence that might possibly be interposed. No objection, as to the form of proceeding, is suggested in the case stated. The only question submitted is whether or not the new district is entitled, upon the admitted facts, to a pro rata share of the $358.92, received from the state. The object of the Act of 1862, was to secure a fair and equitable adjustment and division of all property and assets in any manner belonging to a school district at the time a change in the territorial limits thereof goes into effect. The result reached by the judgment of the court is so manifestly just and equitable that it should not be disturbed on merely technical grounds.

Judgment affirmed.